UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PARNELL COLVIN III,<br><br>   Plaintiff,<br><br>v.<br><br>AHP REALTY, LLC, QINGWEN KONG,<br><br>   Defendants. | Case No. 2:19-cv-1403-KJD-VCF<br><br>**ORDER** |

   Before the Court is plaintiff Parnell Colvin III's Motion to Dismiss (ECF No. 5) and his Motion for Entry of Clerk's Default (ECF No. 6). Both of Colvin's motions essentially seek a default judgment against AHP Realty and Qingwen Kong as neither defendant has answered his complaint or participated in this suit in any way. Because Colvin's Motion to Dismiss actually seeks entry of default, the Court denies the motion as moot. That leaves Colvin's Motion for Entry of Clerk's Default.

   A default judgment is appropriate where a party has failed to respond or otherwise defend against a properly filed and served lawsuit. There are two paths to a default judgment under Federal Rule of Civil Procedure 55. Colvin must satisfy both steps before he will receive a judgment in his favor. The first step is always the same. The plaintiff must request entry of clerk's default. Fed. R. Civ. P. 55(a). In the limited set of cases where the plaintiff's damages are for sum certain or are easily calculated, the Clerk of the Court may then enter default judgment if the plaintiff provides an affidavit detailing the amount due. If the plaintiff has not provided the affidavit or if the damages are not easily calculable, the plaintiff must then move the Court for default judgment. Fed. R. Civ. P. 55(b)(2). As always, the Court liberally construes Colvin's pro se filings in the light most favorable to him. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Despite that leeway, Colvin is still "bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 53

(9th Cir. 1995).

Colvin moved for entry of clerk's default on February 18, 2020. In support of his motion, he attached supposed proof of service for Qingwen Kong and AHP Realty. Summons Executed, ECF No. 7. According to the proof of service, process server Monique Brown served Kong personally at the Las Vegas Justice Court on August 19, 2019. Presumably, Kong also accepted service on behalf of AHP Realty, LLC. See id. Generally, the clerk's office would review a motion for entry of default and enter default without involving the Court. However, the clerk's office referred Colvin's motion to this Court because Colvin did not file an actual motion for entry of default. Instead, Colvin filed a proposed default order and his proof of service.

Colvin's proof of service for AHP Realty is deficient. While the Court could assume that Kong accepted service on behalf of AHP Realty, there is no evidence that he did—or even that he was eligible to do so. Service in federal court is governed by Rule 4 of the Federal Rules of Civil Procedure, which adopts Nevada's rules for service of process. See Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). In Nevada, service upon a limited liability company like AHP Realty is governed by Nevada Rule of Civil Procedure 4.2(c)(1)(A). The rule identifies various individuals qualified to accept service on behalf of such entities, including the entity's resident agent or managing members. Nev. R. Civ. P. 4.2(c)(1)(A)(i), (vi). One thing is clear; the person accepting service must be related to the entity in some way. Here, there is no evidence that Kong is associated with AHP Realty. He is not the entity's registered agent, nor is he a member or manager of the entity. A brief review of the Secretary of State documentation of AHP Realty reveals that Kong is not publicly associated with the company at all. Therefore, it is unclear whether AHP Realty received adequate notice of Colvin's pending action even with the deferential standard afforded pro se litigants.

Accordingly, IT IS HEREBY ORDERED that Parnell Colvin III's Motion for Entry of Default Judgment (ECF No. 6) is **DENIED without prejudice**.

IT IS FURTHER ORDERED that Colvin serve any renewed motion for entry of default on AHP Realty, LLC at 6292 W. Spring Mountain Rd., Suite 105, Las Vegas, NV 89146.

IT IS FURTHER ORDERED that Colvin's Motion to Dismiss (ECF No. 5) is **DENIED as moot**.

Dated this 21th day April, 2020.

_____
Kent J. Dawson
United States District Judge